UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM F. SWEENEY, M.D.                                                                         PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:09CV-514-S

UNUM LIFE INSURANCE COMPANY OF AMERICA                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiff, William F. Sweeney, M.D. ("Sweeney"), to remand this action to the Jefferson County, Kentucky, Circuit Court, Division Twelve. The defendant, Unum Life Insurance Company of America, removed the action from state court, invoking both federal question and diversity jurisdiction. Sweeney contends that removal was improper as (1) the matter does not concern an "employee benefit plan" under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, and (2) the amount in controversy does not exceed the sum of $75,000.00. These contentions will be addressed *seriatim*.

This action concerns a disability insurance policy issued by Provident Life & Accident Insurance Company[1] to Sweeney, a physician practicing gynecology first in Monroeville, Pennsylvania and later in Richmond, Kentucky. In 2003, Sweeney sought benefits under the policy for a disability he claims resulted from an accident. Unum characterized Sweeney's back condition as a sickness rather than an injury and paid benefits on the claim through age 65 under the sickness provision. Sweeney disputes the characterization of his condition as a sickness. Apparently under

---

[1]The defendant has noted some perplexity that Unum Life Insurance Company of America is the named defendant in the case. Sweeney states that Provident Life & Accident was previously merged with "Defendant Unum." (This exchange appears in footnote 1 of Defendant's response to the motion to remand and footnote 3 of Sweeney's reply in further support of his motion to remand, respectively.) The court will refer to "Unum" when referring to the defendant. However, as the policies were issued by Provident Life & Accident Insurance Company, the court will refer to "Provident" in setting out the sequence of events culminating in the issuance of the policy in question.

the policy, benefits for sickness are paid to age 65 while benefits for injury are potentially paid for Sweeney's lifetime. Sweeney filed this action alleging breach of contract, unfair claims settlement practices, and violation of the Kentucky Consumer Protection Act. He also alleges that Unum falsely represented that the policy was subject to ERISA to mislead him as to his rights under the policy. Complaint, ¶¶ 20, 21. The action was filed in the Jefferson Circuit Court. Unum removed the action to this court, asserting both federal question and diversity jurisdiction. In seeking remand, Sweeney urges that this is not an ERISA matter and thus there is no federal question jurisdiction. He further contends that his claims will not approach or exceed the requisite $75,000.00 jurisdictional limit.[2]

The following is a chronology of undisputed facts.

In 1980, Sweeney joined Gibson, McGarvey, Wilson Associates ("GMW Associates"),[3] an OB/GYN practice in Monroeville, Pennsylvania. Sweeney became an owner of this practice with Dr. Richard N. McGarvey and Dr. Walter N. Wilson. In late 1980, Sweeney and his associates purchased disability insurance policies issued by Provident. Provident provided a group discount to the physicians in exchange for the GMW Associates' execution of a Salary Allotment Agreement which stated:

> This memorandum witnesses an agreement between Gibson, McGarvey, Wilson Associates of Monroeville, PA (hereinafter called the Employer) and Provident Life and Accident Insurance Company of Chattanooga, Tennessee (hereinafter called the Insurance Company) as follows:
>
> The Employer agrees as respects policies issued by the Insurance Company to certain individuals:

---

[2]The plaintiff has not filed an affidavit attesting that he does not seek in excess of $75,000.00. He seeks an amount in satisfaction of his policy claims, incidental, consequential, and punitive damages It is undisputed that Sweeney's monthly disability benefits are $12,000.00 per month.

[3]GMW Associates later became known as East Suburban Obstetrical and Gynecological Associates. For simplicity, we refer to the practice as "GMW Associates" in this opinion. Sweeney purchased a number of policies while affiliated with the practice. The group was known has East Suburban Obstetrical and Gynecological Associates when Sweeney obtained the policy in issue.

> ...To pay in full the required premiums for such policies and to remit such premiums to the Insurance Company when due.
>
> In consideration of this, the Insurance Company agrees to accept premiums for such policies on a reduced basis in accordance with its published rates for policies where premiums are so deducted and so remitted.

The policy in issue in this case, Policy No. 6-335-734056 was one of a number of policies issued to Sweeney under Risk Group No. 24696. Sweeney acknowledged in his 1986 policy application that his employer would pay for all disability coverage to be carried by him with no portion of the premium to be included in his taxable income. In addition to completing the application, Sweeney answered detailed medical questions and underwent a physical examination. The premiums were paid on Sweeney's behalf according to the Salary Allotment Agreement while Sweeney remained with the practice. The policy itself indicated that it was issued pursuant to that Salary Allotment Agreement. Disability Income Policy, p. 15.

In December, 1989, Sweeney left GMW Associates to open a practice in Richmond, Kentucky. In January, 1990, Provident notified Sweeney by letter of the particulars of continuing his coverage under Provident Policy No. 6335-0000734056:

> Your Provident disability coverage, the premium for which has been paid through Risk #24696, EAST SUBURBAN OBSTETRICAL AND GYNECOLOGICAL ASSOC [sic] contains an important conversion privilege. You can continue this non-cancellable disability income policy without evidence of insurability. Your policy has a basic monthly benefit of $12,000 for total disability.
>
> To keep this important coverage in force, you need only to specify your choice of premium payment terms listed below, sign and return this letter to us, along with your check, in the enclosed postage-free envelope before 2-28-90. The premium for the month of JANUARY will be waived...

January 19, 1990 Letter.

Sweeney did not respond in January and the policy lapsed. However, he was contacted by a Provident agent in March, 1990 and the policy was placed back in force. Sweeney requested

certain changes[4] which were made retroactively effective to January 1, 1990. *See*, Policy Data Sheet, Bates SWEENEY 000036. Once the policy was placed back in force, Sweeney was instructed that his premiums should be remitted to Unum's agent.

Sweeney filed suit in state court to recover additional disability benefits to which he claimed to be entitled under the policy. Unum removed the action to this court under our federal question jurisdiction, urging that the policy was provided under an ERISA plan established by his former employer. Unum also asserted diversity jurisdiction.

In determining whether a plan is an ERISA plan, a district court must determine (1) whether the plan was exempt from ERISA under the "safe harbor" regulations, (2) whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, the class of beneficiaries, the source of financing and procedures for receiving benefits, and (3) whether the employer established or maintained the plan with the intent of providing benefits to its employees. *Thompson v. American Home Assurance Company*, 95 F.3d 429 (6th Cir. 1996) *citing Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 183 (6th Cir.), *cert. denied*, 507 U.S. 966, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993).

The Department of Labor regulations exclude an employee insurance policy if four criteria are met. The policies in issue here do not satisfy this so-called "safe harbor" provision as the first of those criteria is not met.

The first requirement for exemption is that the employer have made no contribution to the policies. There is no dispute that GMW Associates made contributions to the policies by paying the premiums for the physicians. The arrangement was confirmed by the Salary Allotment Agreement. There is no dispute that the GMW Associates received a list bill for the policies under one group

---

[4] Sweeney requested a shorter benefit period and elimination period.

risk number, and that it paid the premiums. We conclude, therefore, that the "safe harbor" exclusion does not apply to this policy.

Sweeney contends that the policy in issue is not part of a "plan" as that term is defined by ERISA and relevant case law.

First, we note that the facts that Sweeney changed employment, began paying premiums himself, and requested changes to a number of provisions in the policy do not negate the applicability of ERISA, if, indeed, the policy was provided under an ERISA plan. *Massachusetts Casualty Insurance Co. v. Reynolds*, 113 F.3d 1450 (6th Cir. 1997); *McMurtry v. Paul Revere Life Insurance Co*, Civil Action No. 1:95CV-58-H (W.D.Ky. Oct. 22, 1997)("Because plaintiff's 'coverage remained in effect under the same policy that had been in force,' the policy is still part of the ERISA plan."). While Sweeney argues that he was issued a "new policy" after the lapse, the documentation fails to support his argument. The Data Sheet contains the original policy number and indicates that the policy is to be placed back in force. The requested changes were backdated to be effective as of January 1, 1990. Sweeney does not dispute that he continued to receive the group discount. He has not provided any evidence indicating that he was issued a "new policy."

Unum urges that a reasonable person could ascertain from the surrounding circumstances the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits under the plan established by GMW Associates. *International Resources Inc. v. New York Life Insurance Co.*, 950 F.2d 294, 297 (6th Cir. 1991), *cert. denied*, 504 U.S. 973 (1992), *citing Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982). The "intended benefits" were the benefits available under the various policies offered by Provident. The "class of beneficiaries" was the group of physicians for whom GMW Associates purchased the policies. The "source of financing" was GMW Associates, as documented in the Salary Allotment Agreement.

Unum cites to an opinion of this court, *Roth v. Provident Life & Accident Insurance Co.*, Civil Action No. 3:03CV-55-S (W.D.Ky.Sept. 14, 2004) in which we concluded that an ERISA plan existed, stating, in part, that:

> The P.S.C. obtained the policies as a group. There is uncontroverted testimony that the insured group received a discount on the premiums under the P.S.C. risk group number...It is apparent that the P.S.C. partners sought out these policies under the P.S.C. and offered participation to their office manager as well. The group was clearly established and maintained by the P.S.C. with the intent of providing benefits to its employees...

*Id.* at *4. Unlike the plan in *Roth*, the physicians in the GMW Associates group were the only individuals to whom coverage was offered. Sweeney contends that this fact takes GMW Associates' arrangement outside of the rule recited in *Roth*. In *Roth,* the P.S.C. partners permitted their office manager to participate also. Sweeney urges that because only the physicians for GMW Associates participated, ERISA does not apply because there were no "employees" for whom policies were purchased. Unum acknowledges in its surreply[5] that where individual policies cover only sole owners or partners and their spouses, a plan falls outside of ERISA's domain. *Yates v. Hendon*, 541 U.S. 1, 124 S.Ct. 1330, 158 L.Ed.2d 40 (2004). Unum also points out, however, that shareholders in a multiple-shareholder corporation are employees under ERISA. *Provident Life & Accident Insurance Co. v. Sharpless*, 364 F.3d 634, 639 (5th Cir. 2004); *Santino v. Provident Life & Accident Insurance Co.*, 276 F.3d 772, 775 (6th Cir. 2001).

Unum determined from Pennsylvania Department of State records that East Suburban Obstetrical and Gynecological Associates, as the group was known at the time Sweeney purchased

---

[5]Unum has moved for leave to file a surreply (DN 17) to which Sweeney objects. Unum notes in its motion that the argument concerning the applicability of *Yates* and the suggestion that the plan covered only owners was raised for the first time in Sweeney's reply brief. Sweeney seeks to preclude the filing of a surreply on the ground that no rule permits it. However, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *United States v. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5. L.Ed.2d 8(1960), *quoting, Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). We will therefore permit the filing of the surreply.

his policy in 1986, was a domestic business corporation. Therefore, the physician-shareholders in that corporation are to be considered employees under ERISA.

ERISA applies where the policy is part of an "employee welfare benefit plan" which includes "any plan, fund, or program, which... is...established or maintained by an employer...for the purpose of providing its participants...through the purchase of insurance or otherwise...benefits in the event of...disability..." 29 U.S.C. § 1002(1). "[A]n ERISA plan can consist of individual disability insurance policies covering each of the employer's employees, rather than a group policy." *Agrawal v. Paul Revere Life Insurance Co.*, 205 F.3d 297, 301 (6th Cir. 2000), *citing, Massachusetts Casualty Insurance Co. v. Reynolds*, 113 F.3d 1450, 1453 (6th Cir. 1997).

From the standpoint of a reasonable person, and in light of the surrounding circumstances, the physicians were clearly the intended beneficiaries. The premiums were paid by GMW Associates for the physicians. Thus the class of beneficiaries, benefits and source of funding are clearly ascertainable.

Finally, as in *Roth*, the policies were obtained under one risk group number, and the group received a discount on the premiums because of their purchase by GMW Associates through the Salary Allotment Agreement. The group was clearly established with the intent to provide benefits to the physicians in the group. We have already determined that as shareholders of a multi-shareholder corporation, these physicians are employees under ERISA. Therefore, we conclude that the plan was established and maintained by GMW Associates with the intent to provide benefits to its employees.

We find that an ERISA plan existed. Thus we conclude that the matter was properly removed under our federal question jurisdiction as the complaint asserts a claim for benefits under an employee benefit plan governed by ERISA.

Additionally, we conclude that removal was also proper under our diversity jurisdiction. Sweeney contends that the amount in controversy at the time of removal of the action did not exceed

the sum of $75,000.00. However, he also states at ¶ 4 of his Motion to Remand that "Plaintiff's Complaint alleges that he is entitled to continue his long term disability benefits for his lifetime and that Defendant UNUM improperly ceased benefits after he attained age sixty-five (65). Complaint ¶¶ 9 and 13." Sweeney states that because Unum had not ceased payment of long term benefits as of the filing of the Complaint, he was not seeking past due benefits. ¶5. Sweeney appears to suggest that because these monthly payments had not yet ceased, they cannot be included in the evaluation of the amount in controversy. This is a nonsensical proposition for which he has cited no authority. As of Sweeney's 65th birthday in September, 2009, he would no longer be entitled to receive the $12,000.00 per month under Unum's current decision regarding his claim. Sweeney claims entitlement to these monthly payments for the remainder of his lifetime. At a rate of $12,000.00 per month, the total of these benefits would mount quicky. Further, he seeks compensatory damages for embarrassment, humiliation, mental anguish, and pain and suffering, as well as punitive damages. Sweeney has not offered to stipulate that he will accept no more than $75,000.00. We conclude that it is more likely than not that the amount in controversy is met by the assertion of the claims in this case. *Gafford v. General Electric Co.,* 997 F.2d 150 (6th Cir. 1993). Thus removal was also proper under an invocation of the court's diversity jurisdiction.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

    1. The motion of the defendant, Unum Life Insurance Company of America, for leave to file a surreply (DN 17) is **GRANTED.**

    2. The motion of the plaintiff, William F. Sweeney, M.D., to remand (DN 6) is **DENIED.**

**IT IS SO ORDERED.**

February 3, 2010

**Charles R. Simpson III, Judge**
**United States District Court**